E. F. Hutton & Co. v. Stanley

---

E. F. HUTTON AND COMPANY, INC. v. WILLARD C. STANLEY

No. 8221SC203

(Filed 15 March 1983)

**Rules of Civil Procedure § 50.2— directed verdict for party with burden of proof— evidence manifestly credible**

In an action to recover the unpaid balance in defendant's commodity futures account, plaintiff's evidence was manifestly credible, and the trial court properly directed a verdict in favor of plaintiff where the only doubts as to the credibility of plaintiff's evidence arose solely because plaintiff's witnesses were employed by it and thus were latent doubts; defendant presented no evidence and cross-examination was limited to an explanation of the orders defendant made with plaintiff; and defendant did not attempt to impeach plaintiff's witnesses or point out contradictions in their testimony.

APPEAL by defendant from *DeRamus, Judge.* Judgment entered 7 October 1981 in Superior Court, FORSYTH County. Heard in the Court of Appeals 12 January 1983.

Plaintiff, a brokerage firm, sued to collect $20,042.50, the unpaid balance in defendant's commodity futures account. Defendant, a potato farmer, admitted selling potato futures contracts but alleged, as a defense, that plaintiff was negligent in failing to inform him of the increase in market prices, and the negligence resulted in defendant having to buy contracts on the market at a higher price.

Plaintiff presented the following evidence. Mr. Scales, who was a commodity specialist with plaintiff in 1979, said defendant contacted him in July 1979 about hedging potato contracts. Hedging, Scales explained, is taking the opposite position in the futures market from the cash position to protect against a decline in the harvest prices. Scales said when a client opens a commodities trading account the usual procedure is to get a financial statement and a record of the client's experience. He obtained these forms from defendant. Defendant also signed a risk disclosure statement and a financial declaration. The financial declaration indicated that defendant had a net worth in July 1979 of 1.5 million. Scales said defendant also signed a hedging agreement to allow him to get a lower margin on his commodity trades. He said defendant ordered twenty-five contracts. Each contract consists of 50,000 pounds of potatoes. Potatoes were at eleven cents per pound, so the contracts were about $5,500.00 each. The margin required was $300.00 per contract. Subsequently, the price of potatoes increased, and on 12 July 1979, Scales told defendant that he needed to put up more margin. Defendant promised to send a check, but failed to do so. According to Scales:

> He told me to liquidate when we had tried to get him on the morning of the 20th and he was not in his office. We finally called his home and said we needed to speak to him about 12:00 and he came to the phone and said you know—you have scared my wife, she's acting in a panic—liquidate the position and send me a bill.

Scales said that in liquidating the contracts they went to the exchange and bought the contracts which plaintiff held a short posi-

tion. Since the market price had increased to twelve cents per pound, defendant lost money on the transaction.

Benjamin Ward, resident manager of the Greensboro E. F. Hutton office, testified that defendant still owed $20,045.50.

Defendant did not present any evidence. Plaintiff's motion for a directed verdict was granted.

*Weston P. Hatfield, by Weston P. Hatfield and Carol L. Allen, for plaintiff appellee.*

*Finger, Park and Parker, by M. Neil Finger and Raymond A. Parker II, for defendant appellant.*

VAUGHN, Chief Judge.

The sole issue is whether the trial judge erred in granting plaintiff's motion for a directed verdict. Defendant's argument is that the directed verdict was improperly granted because plaintiff had the burden of proof. This question was addressed by our Supreme Court in *North Carolina National Bank v. Burnette*, 297 N.C. 524, 256 S.E. 2d 388 (1979). In *Burnette*, the Court said "there are neither constitutional nor procedural impediments to directing a verdict for the party with the burden of proof where *the credibility of movant's evidence is manifest as a matter of law.*" The Court then gave three examples of situations where credibility is manifest:

(1) Where non-movant establishes proponent's case by admitting the truth of the basic facts upon which the claim of proponent rests. [Citations omitted.]

(2) Where the controlling evidence is documentary and non-movant does not deny the authenticity or correctness of the documents. [Citations omitted.]

(3) Where there are only latent doubts as to the credibility of oral testimony and the opposing party has "failed to point to specific areas of impeachment and contradiction." [*Kidd v. Early*, 289 N.C. 343, 370, 222 S.E. 2d 392, 410 (1976).]

*North Carolina National Bank v. Burnette*, 297 N.C. at 537-38, 256 S.E. 2d at 396.

Plaintiff contends that the directed verdict was appropriate because this case falls squarely within the latent doubts category mentioned above. We agree. The only doubts as to the credibility of plaintiff's evidence arise solely because plaintiff's witnesses were employed by it, an interested party, and thus are latent doubts. *Kidd v. Early*, 289 N.C. 343, 222 S.E. 2d 392 (1976). In this case, defendant presented no evidence. Cross-examination was limited to an explanation of the orders defendant made with plaintiff. Defendant did not attempt to impeach plaintiff's witnesses or point out contradictions in their testimony. Since credibility was manifest as a matter of law, the trial judge did not err in directing verdict for plaintiff.

Affirmed.

Judges WELLS and BRASWELL concur.